IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-CV-06080 |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| CITY OF CHICAGO, *et al.* | ) | |
| | ) | |
| Defendants, | ) | |
| | | |
| RICKEY FOUNTAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-CV-06081 |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| CITY OF CHICAGO, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED HIPAA AND MHDDCA QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, 45 C.F.R. § 164.512(e)(1), and 740 ILCS 110/1-17, the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. The parties and their attorneys are hereby authorized to receive, subpoena, and transmit "protected health information" pertaining to parties and non-parties to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order (this "Order"), the phrase "protected health information" shall include the full scope and definition of "protected health information" as set forth in the Health Insurance Portability and Accountability Act, 45 C.F.R. §§ 160.103 and 164.501, as well as the full scope and definition of "mental health communication"

and "mental health record" as set forth in the Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1-17. Accordingly, protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.103 and 740 ILCS 110/2) are hereby authorized to disclose protected health information pertaining to parties and non-parties and to attorneys representing the Plaintiffs and Defendants in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information of parties or non-parties for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not limited to, disclosure by the parties to their attorneys, and by their attorneys to experts, consultants, medical professionals who treated the party or non-party, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Any subpoena for medical records for any party must be returnable to counsel for that party. Upon receipt of medical records for any party, counsel for that party has seven days to conduct a privilege review for any material that may be subject to a psychotherapist/psychiatric privilege.

6. The individual pages of each document designated, produced pursuant to this Order, or otherwise covered by such shall bear the following designation: CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN CASE NOS. 19-CV-06080 & 19-CV-06081.

7. To the extent a party believes it has a right to redact information, it may redact such information, provided that it makes clear what category of information has been redacted (for example, social security number).

8. Prior to disclosing any party or non-party's protected health information to persons or entities involved in this litigation, counsel shall inform each such person or entity that the party or non-party's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all reasonable steps to ensure that persons or entities receiving any party or non-party's protected health information do not use or disclose such information for any purpose other than this litigation.

9. Within forty-five (45) days of the conclusion of the litigation, including any appeals, the parties, and any person or entity in possession of protected health information pertaining to parties or non-parties received from counsel pursuant to paragraph four of this Order, shall return the protected health information to the covered entity or destroy any and all copies of the protected health information, except that counsel shall not be required to secure the return or destruction of protected health information submitted to the Court or protected health information maintained for purposes of counsel's files.

10. Nothing in this Order authorizes counsel for the parties to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

11. Nothing in this Order shall limit or be construed as limiting the rights or ability of either party to seek further or other protective orders or other orders or relief relating to the discovery process or the use or disclosure of information obtained through the discovery process or otherwise in the course of this litigation.

12. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's protected health information under seal.

**ENTERED**:

**Dated**: 3/11/2020

_____

    **Hon. Thomas M. Durkin**
    **United States District Court Judge**

4