UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DWAYNE HILL, | |
| Plaintiff, | No. 19 C 6080 |
| v. | Judge Thomas M. Durkin |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS ROBERTO GARCIA, JOSE GOMEZ, JONATHAN APACIBLE, GEORGE LOPEZ, WAYNE RASCHKE, THOMAS CRAIN, JEFFREY ADAMIK, and UNKNOWN OFFICERS, | |
| Defendants. | |
| RICKEY FOUNTAIN, | |
| Plaintiff, | |
| v. | |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS ROBERTO GARCIA, JOSE GOMEZ, JONATHAN APACIBLE, GEORGE LOPEZ, WAYNE RASCHKE, THOMAS CRAIN, JEFFREY ADAMIK, and UNKNOWN OFFICERS, | No. 19 C 6081 |
| | Judge Thomas M. Durkin |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Dwayne Hill and Rickey Fountain allege that Chicago Police officers fabricated and withheld evidence to secure their wrongful convictions. The City of Chicago and the Defendant officers moved to dismiss Plaintiffs' ten-count complaints

in their entirety. 19-cv-6080, R. 36; 19-cv-6081, R. 36. The Court granted the City's motion to dismiss Plaintiffs' unlawful pretrial detention claims and denied the motion in all other respects. 19-cv-6080, R. 53; 19-cv-6081, R.49. Plaintiffs subsequently filed a motion for reconsideration. 19-cv-6080, R. 69; 19-cv-6081, R. 65. For the following reasons, that motion is granted.

**Legal Standard**

Federal Rule of Civil Procedure 54(b) governs motions to reconsider interlocutory orders. The Rule provides that "any order that does not resolve all claims as to all parties 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015) (quoting Fed. R. Civ. P. 54(b)). A motion to reconsider is not a proper vehicle for rehashing arguments that the Court previously rejected. *Janusz v. City of Chi.*, 78 F. Supp. 3d 782, 787 (N.D. Ill. 2015). Rather, "it allows a party to direct the court's attention to manifest errors of fact or law, a significant change in the law or facts, the court's misunderstanding of a party's argument, or a party's contention that the court ruled on an issue that was not properly before it." *Id.* (citing *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008)).

**Background**

Demetrius Harris was in his van at the intersection of Kolmar and Van Buren in Chicago when he observed another car approach with someone pointing a gun out

of the window. The shooter fired ten shots, and Harris was struck by at least one bullet. Harris was treated at a nearby hospital and eventually recovered.

Plaintiffs allege that the Defendant officers manipulated Harris and Harris's cousin Steven McKinnie into providing false statements implicating Hill and Fountain as the shooter and getaway driver, and that they were convicted at a bench trial based on those pretrial statements. Plaintiffs' convictions were overturned without opposition by the state in September 2018.

## Analysis

The sole issue on Plaintiffs' motion for reconsideration is whether their Fourth Amendment unlawful pretrial detention claims are time-barred. In Illinois, the statute of limitations for section 1983 claims is two years. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). The Court held in its previous order that the statute of limitations barred Plaintiffs' claims because they accrued when Plaintiffs were convicted in 2013. Plaintiffs contend that the *Heck* doctrine applies such that their claims did not accrue until their convictions were overturned in September 2018, and thus they are timely. *See Heck v. Humphrey*, 512 U.S. 477, 486-89 (1994) (holding that if a criminal defendant's success on a civil claim would necessarily imply the invalidity of a criminal conviction, the civil action does not accrue until the conviction is vacated).

Seventh Circuit law governing Fourth Amendment pretrial detention claims has changed in recent years. In *Manuel v. City of Joliet*, the Supreme Court overturned Seventh Circuit precedent and held that the Fourth Amendment governs

3

claims for unlawful pretrial detention both before and after the initiation of formal legal process (i.e. when a criminal defendant has been brought before a judge). 137 S. Ct. 911, 920 (2017). The Supreme Court declined to decide when such claims accrue, leaving that question for the Seventh Circuit. *Id.* at 922. On remand, the Seventh Circuit held that unlawful pretrial detention claims accrue on the date the detention ends. *Manuel v. City of Joliet* ("*Manuel II*"), 903 F.3d 667, 670 (7th Cir. 2018). But because the charges against the plaintiff in *Manuel II* were dismissed, the Seventh Circuit did not have occasion to consider whether a conviction (and thus the end of the pretrial detention) triggers accrual.

*Knox v. Curtis*, 771 F. App'x 656 (7th Cir. 2019), appeared to provide some insight on that question. In *Knox*, the plaintiff sued a witness and a police officer after he was convicted of improperly communicating with the witness about his alleged criminal activity, blaming their false statements for his arrest and ultimate conviction. The Seventh Circuit held that the plaintiff's Fourth Amendment unlawful pretrial detention claim was timely and that it accrued either when he was released on bond or when he was convicted. *Id.* at 658; *see also Brown v. City of Chicago*, 2019 WL 4958214, at *3 (N.D. Ill. Oct. 8, 2019) ("While the Seventh Circuit in [*Manuel II*] held that a claim for pretrial detention without probable cause begins to accrue when the pretrial detention ends, [*Knox*] clarified that pretrial detention can be considered as ending upon conviction."). In rejecting the Defendant officer's argument that *Heck* barred the plaintiff's claim, the *Knox* court stated that "[t]o the extent that [plaintiff] challenges his post-conviction detention, *Heck* indeed bars his § 1983 suit. However,

4

[plaintiff] also challenges his pretrial (pre-bond) detention, the unlawfulness of which does not have 'any necessary effect on the validity of [his] conviction." *Knox*, 771 F. App'x at 658 (quoting *Mordi v. Zeigler*, 870 F.3d 703, 708 (7th Cir. 2017)). Plaintiffs contend that the *Knox* court's statement was specific to the facts of that case (i.e. that *Heck* applies to some Fourth Amendment pretrial detention claims, it just did not apply there). While that may be true, so far as the Court can tell, Knox alleged that his arrest, pretrial detention, and conviction were based on the same false statements, which is exactly what Plaintiffs allege here (nor does Plaintiffs' motion explain where the difference in the facts lies). Accordingly, because the facts in *Knox* were similar to the facts here, the Court found the decision persuasive (albeit not binding) and concluded that Plaintiffs' pretrial detention claims accrued upon their convictions. *See* R. 53 at 9-10.

Following the Court's ruling, however, the Seventh Circuit clarified the impact of *Heck* on pretrial detention claims in *Sanders v. St. Joseph's County*, 806 F. App'x 481 (7th Cir. 2020). In *Sanders*, the Seventh Circuit reversed the district court's dismissal of the plaintiff's unlawful pretrial detention claim on statute of limitations grounds, holding that his claim accrued, at the earliest, when he was released from jail. *Id.* at 484. In so holding, the court qualified that "[i]f, however, a conclusion that [plaintiff's] confinement was unconstitutional would imply the invalidity of an ongoing criminal proceeding or a prior criminal conviction, then *Heck* would continue to bar [plaintiff's] claim after his release and until either those proceedings terminated in his favor or the conviction was vacated." *Id.* at 484 n.2 (citing

5

*McDonough v. Smith*, 139 S. Ct. 2149 (2019) and *Savory v. Cannon*, 947 F.3d 409, 414 (7th Cir. 2020)). Defendants correctly point out that *Sanders* is not precedential, but the analysis still addresses the accrual question here. And since *Sanders* was decided, several district courts have held that unlawful pretrial detention claims are subject to *Heck*. *See Culp v. Flores*, 2020 WL 1874075, at *2-3 (Apr. 15, 2020); *Hill v. Cook County*, 2020 WL 2836773, at *11 (N.D. Ill. May 31, 2020); *Serrano v. Guevara*, 2020 WL 3000284, at *18 (N.D. Ill. June 4, 2020). The Court finds the reasoning in those decisions persuasive.

Here, Plaintiffs allege that they were "arrested, charged, and incarcerated" as a result of "Defendants' false allegations and fabricated evidence." 19-cv-6080, R.1 ¶ 76; 19-cv-6081, R.1 ¶ 76. In turn, the only fabricated evidence the complaints discuss is the stories the Defendant officers allegedly made up by manipulating Harris and McKinnie. 19-cv-6080, R.1 ¶¶ 19-36; 19-cv-6081, R.1 ¶¶ 19-36. The complaints also allege that at trial "Harris's and McKinnie's statements were the only evidence linking [Plaintiffs] to the shooting" and the "judge convicted [Plaintiffs] on the basis of Harris['s] and McKinnie's pretrial statements," which were "entirely the result of Defendants' fabrication." 19-cv-6080, R.1 ¶¶ 31, 36; 19-cv-6081, R.1 ¶¶ 31, 36. Because Plaintiffs allege that Defendants used the same evidence to support their pretrial detention that also secured their convictions, a finding that their detentions were unconstitutional would necessarily imply the invalidity of those convictions. As such, *Heck* barred Plaintiffs' Fourth Amendment claims until their convictions were overturned in September 2018. *See Hill*, 2020 WL 2836773, at *10 (pretrial detention

6

claim accrued not upon conviction but when indictment was subsequently dismissed). Because Plaintiffs filed their claims within two years of that date, they are timely. To the extent Defendants argue that probable cause existed to detain the Plaintiffs, the Court rejects those arguments for the same reasons stated in its previous dismissal order. *See* 19-cv-6080, R. 53 at 15-16.

## Conclusion

For the reasons stated above, the Court grants Plaintiffs' motion to reconsider. 19-cv-6080, R. 69; 19-cv-6081, R. 65. Plaintiffs' unlawful pretrial detention claims (Count II) are hereby reinstated.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: July 23, 2020