IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DWAYNE HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-CV-06080 |
| v. ) | Judge Franklin U. Valderrama |
| ) | |
| CITY OF CHICAGO, *et al.* ) | |
| ) | |
| Defendants, ) | |
| ) | |
| RICKEY FOUNTAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-CV-06081 |
| v. ) | Judge Franklin U. Valderrama |
| ) | |
| CITY OF CHICAGO, *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CITY OF CHICAGO'S REPLY IN SUPPORT OF ITS AMENDED MOTION TO DISCLOSE RELEVANT GRAND JURY MATERIALS**

The United States Attorney's Office ("USAO") concedes that the Defendant City of Chicago (the "City") has submitted a narrowly focused subpoena that seeks potentially relevant information, but denies this targeted demand outweighs the government's need for secrecy—at this time—given the status of the criminal proceedings in *United States v. Labar Spann, et al.*, Case No. 17-CR-00611 ("*Spann*"). Respectfully, the USAO's Response both minimizes the prejudice the City will suffer if it is denied access to the requested materials and overstates the need for secrecy of the narrow category of documents at issue. These materials—which bear on the most central issues of the claims Hill and Fountain filed against the City—were generated by a grand jury that long ago completed its work, ████████████████████████████████████████ While the City does not object to this Court reviewing those materials *ex parte in camera* to confirm the nature of the disputed documents, it

contends that producing the materials ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in accordance with the *Spann* confidentiality order is sufficient to protect any remaining secrecy concerns and should obviate the need for further review.

### A. The USAO Acknowledges That The Defendants Will Suffer Injustice In These Judicial Proceedings If The Requested Materials Are Not Disclosed.

The USAO acknowledges the relevance to these Cases and the risk of injustice to the Defendants if the Grand Jury Materials are not disclosed. (*See* Response at 4-5, 7, 11-12.). The City has irrefutably shown "that the material [it] seek[s] is needed to avoid a possible injustice in another judicial proceeding," and thus satisfies the first prong of *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979).

The requested Grand Jury Materials are more than "potentially" relevant—they are material to the central issue underlying Hill and Fountain's claims against the City: what role Labar Spann played in the witnesses' decision to recant or change prior sworn statements or testimony implicating Plaintiffs in the 2009 Harris Shooting. In these Cases, Plaintiffs claims against Defendants call into question the Defendants' conduct during the 2009 Harris Shooting investigation, their bases for probable cause—including the victim's and eyewitnesses' sworn statements implicating Plaintiffs in the shooting—and the evidence that led to Plaintiffs' convictions. All evidence relating to Spann's improper influence over the Plaintiffs' criminal proceedings, including extorting Plaintiffs or coercing witnesses, bears directly on whether Plaintiffs' convictions were properly or wrongfully secured by the Defendants.

The USAO's attempt to minimize the relevance of the Grand Jury Materials or its argument that the benefit of disclosure is still speculative at this stage is undermined by the USAO's own admissions that the materials are relevant to these Cases. (Response at 4-5, 7.) The USAO argues that the City does not yet know for certain that Plaintiffs are taking positions in this litigation

inconsistent with their positions taken during post-conviction proceedings. (Response at 5.) However, the Complaints' very allegations demonstrate Plaintiffs' inconsistent positions. (Complaints ¶¶ 36 ("Harris's and McKinnie's pretrial statements were *entirely* the result of *Defendants'* fabrication.") (emphasis added); 19 ("Defendants [] manipulated Harris into falsely identifying Plaintiff[s]"); 65 ("Defendants fabricated, coerced, manipulated and/or solicited false statements from Demetrius Harris and Steven McKinnie"); *compare* Ex. E, Private Counsel's Petition to Amend Pro Se Post-Conviction Petition by Rickey Fountain ¶¶ 2, 6 (detailing Plaintiff Fountain's allegations that Spann threatened him and controlled Harris's testimony); Ex. G, Corrected Petition for Post-Conviction Relief by Dwayne Hill at 23 (adopting Fountain's argument that Labar Spann was an "outside influence" that affected Hill's right to a fair trial)).

Furthermore, the USAO is incorrect that the City cannot point to any "actual statement by a witness . . . that the City believes would be contradicted by grand jury materials." (Response at 5.) As discussed in the City's Motion, the key witness, the victim Demetrius Harris, who testified during Plaintiffs' criminal proceedings already has provided contradictory testimony in the form of sworn written affidavits and trial testimony. On one hand, Harris stated that Plaintiffs were *not* involved in his shooting and his original statements to Defendants were coerced, while on the other hand, Harris testified that he was truthfully stating that Plaintiffs were involved in his shooting but that Spann influenced him to say otherwise. Although Plaintiffs' Complaints do not constitute sworn testimony, there are inconsistencies between Plaintiffs' alleged story of coercion by Defendants and their story of undue influence by Spann during post-conviction proceedings, which are explained in greater detail in the City's Motion. The Grand Jury Materials will help to establish the truth within their conflicting stories and the reliability of Plaintiffs' and the other witnesses' prior statements and testimony, because the grand jury testimony will not be tainted by Spann's intimidation or extortionate conduct or by Plaintiffs' self-interests in litigating these Cases.

3

The USAO's Response also minimizes the risk of injustice articulated by the City due to Plaintiffs and Plaintiffs' counsel having knowledge of the Grand Jury proceedings and Materials that Defendants do not. These disadvantages exist not only because Plaintiff Fountain and his mother were aware of *other* individuals who provided testimony to the grand jury, but because Fountain, his girlfriend, and his mother are aware of the substance and details of their *own* testimony to the grand jury, which may be dispositive here. Plaintiffs' knowledge of the identity of other grand jury witnesses alone would put Defendants at a distinct disadvantage, because Defendants would be unable to fully investigate and learn the facts of these Cases, or interview and depose potential witnesses, as they are entitled under the Federal Rules of Civil Procedure.

The City's disadvantages are evident even in this motion practice, as the USAO's Response alludes to, because the City does not know what it does not know. Admittedly, some of the City's arguments are partially based on conjecture, because Defendants do not know the exact contents of any of the Grand Jury Materials other than what it has been able to piece together from information that is publicly available and the documents disclosed thus far in discovery in these Cases. However, the USAO's Response further supports that the Grand Jury Materials are relevant and likely to cause injustice to the Defendants in these Cases. Plaintiffs' access to materially relevant knowledge regarding what is contained in the Grand Jury Materials creates an imbalance that places Defendants at a distinct disadvantage in these Cases.

The USAO's Response argues that the statements provided by Plaintiff Hill before his death may not be admissible under Federal Rule of Evidence 804, and as such the Court's review of the Grand Jury Materials is necessary to make a determination as to whether the statements would be admissible. First, the USAO does not provide authority for its proposition that the statements provided by Plaintiff Hill need be admissible under Rule 804 to be relevant and discoverable in these Cases. Indeed, relevant evidence need not be shown to be admissible to be

discoverable. Fed. R. Civ. P. 26(b)(1) ("discovery regarding any nonprivileged matter that is relevant to any party's claim . . . need not be admissible in evidence to be discoverable"); *Sailsbery v. Vill. of Sauk Vill.*, 2020 U.S. Dist. LEXIS 170439, at *4 (N.D. Ill. Sept. 17, 2020) ("any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case is discoverable" and "need not be admissible in evidence to be discoverable") (citing Rule 26(b)(1)). In any event, the Court's determination as to whether the Grand Jury Materials should be disclosed should be made pursuant to Rule 6(e), not Rule 804, and any assessment as to evidentiary admissibility under Rule 804 should be determined by the Court at the appropriate stage. *Williams v. O'Meara*, 1987 U.S. Dist. LEXIS 3403, at *2 (N.D. Ill. April 30, 1987) (authorizing disclosure of grand jury testimony of deceased witness whose testimony was "the only record of his account of the events," without conducting an analysis of admissibility or referencing Rule 804).

Second, the USAO implies that the statements the City relied upon in the Berwyn Police Report show only that the USAO had merely "talked to" Plaintiff Hill during its *Spann* investigation; but the USAO does not confirm whether there was more to Hill's involvement in the *Spann* investigation, and even the contents or results of their "talk" with Plaintiff Hill would be meaningful evidence in these Cases that may reveal the identity of other potential witnesses and the extent of Spann's interference.

    **B.    The USAO Effectively Concedes the City Seeks Only Materials Needed to Avoid Injustice In Another Proceeding**

The City has established its particularized need for the Grand Jury Materials and thus satisfies this requirement of the *Douglas Oil* test. The City has requested only materials that are directly related to the criminal convictions underlying Plaintiffs' claims—the 2009 Harris Shooting itself and any attempts to influence the outcome of Plaintiffs' criminal proceedings.

5

Moreover, the USAO concedes that it "does not take issue with language used by the City to structure its request, which seeks only materials relating to the 2009 [Harris] Shooting and attempts to influence testimony at the resulting trial." (Response at 11-12.) Because Plaintiffs' claims in these Cases are *directly* tied to whether the Defendant Officers improperly coerced witnesses to implicate Plaintiffs in the 2009 Harris Shooting, any Grand Jury Materials related to the improper influence by a different individual (Spann) will necessarily go to the heart of Defendants' defenses here. The USAO Subpoena satisfies the requirement that the City's request "be made 'with particularity' so that 'the secrecy of the proceedings [are] lifted discretely and limitedly.'" *Douglas Oil*, 441 U.S. at 221 (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958)). The USAO's Response does not contest that the City has sufficiently structured its request to only seek the materials that would be necessary for and relevant to these Cases.

### C. The Need For Disclosure Remains Greater Than The USAO's Stated Need for Continued Secrecy.

The City has no reason to doubt the USAO's contention that the need for secrecy is not entirely eliminated, given the procedural status of the *Spann* case. However, the USAO's Response fails to address the City's arguments supporting disclosure and does not address the specific measures proposed by the City that mitigate the need for secrecy here—namely, ████████ ████████████████████████████████████████████████████████████ ████; the passage of several years since the indictment; and the public disclosure of witnesses' identity and limited substance of certain witness testimony. The City has demonstrated "that the need for disclosure is *greater* than the need for continued secrecy, and that [its] request is structured to cover only material so needed." *Douglas Oil*, 441 U.S. at 222 (emphasis added).

The Court must now balance the City's particularized need for the Grand Jury Materials against the need to maintain grand jury secrecy. "[A]s the considerations justifying secrecy become

6

less relevant," however, "a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." *Douglas Oil*, 441 U.S. at 223. The USAO argues primarily that, because the *Spann* criminal proceedings remain ongoing and trial is scheduled for September 2021, the need for secrecy remains greater than the need for disclosure. The City does not doubt the USAO's contention that there remains a (diminished) need for secrecy, but the USAO's contentions are not supported by law or facts that would tip the scales in favor of secrecy under these circumstances.

The City's articulated need for the narrow, limited disclosure of the Grand Jury Materials is exactly the type of "particularized need" that outweighs the need for secrecy. The USAO's Response fails to adequately address the City's arguments that the need for secrecy here has been diminished by the passage of time since the grand jury returned the *Spann* indictment, the public disclosure of the identities of certain witnesses ████████████████████ ████████████ and the City's proposal that any Grand Jury Materials disclosed remain subject to the same confidentiality as in the *Spann* case. (Dkt. 143 at 13-16.) As detailed in the City's Motion, several of the witnesses' identities and the substance of their testimony have been publicly disclosed, and although not true for every witness, this publication erodes the secrecy concerns of further disclosure. (Dkt. 143 at 14-15); *see also Mitchell v. City of Chi.,* 2019 U.S. Dist. LEXIS 121389, at *9 (N.D. Ill. July 22, 2019) ("the fact that the testimony of several Burge grand jury witnesses [but not all] has already been released further reduces the significance of the secrecy that [the] transcripts might otherwise have retained."). Additionally, the fact that the grand jury proceedings and Spann's indictment occurred over five years ago and the indictments themselves have long been public further diminishes the need for secrecy. (Dkt. 143 at 14-15); *see also Craig v. United States (In re Craig),* 131 F.3d 99, 107 (2d Cir. 1997) ("[T]he passage of time erodes many of the justifications for continued secrecy."); *In re Grand Jury Subpoena (Miller)*, 438 F.3d

7

1138, 1140 (D.C. Cir. 2006) (where the indictments, which were publicly disclosed, reveal the substance of the grand jury materials, those materials may be subject to disclosure). ███████ ████████████████████████████████████████████████████ ████████████████████████████████ (Dkt. 143 at 15; Response at 10-11.)

The USAO's claim that the City's "agreement to abide by the protective order in place in the *Spann* case only partially mitigates the risk of disclosure [because the order] does not prevent public disclosure of grand jury statements or the fact of a witness's cooperation" is ██████ ████████████████████████████████████████████████████████████ ███████████. (Response at 10.) To be clear, the City agrees to maintain the same level of confidentiality as is required in the *Spann* case, ████████████████████████████████ ████████████████████████████████ The City agrees to seek the leave of the trial judge in the *Spann* case prior to disclosing the materials in any discovery or trial proceedings, as requested by the USAO. (*See* Ex. N, *United States v. Spann*, Case No. 17-cr-00611, Protective Order Governing Discovery, Dkt. 135 (requiring, amongst other protections, that no sensitive material disclosed by the government "may be disclosed to any persons other than defendants, counsel for defendants, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior authorization from the Court.")).

Furthermore, the USAO focuses solely on the pendency of Spann's criminal trial and its Response ignores the precedent cited in the City's Motion. *See, e.g., Lucas v. Turner*, 725 F.2d 1095, 1106-1107 (7th Cir. 1984) ("once a grand jury has completed its work, indictments having been brought, the reasons for secrecy become less compelling") (citing *Illinois v. Sarbaugh*, 552 F.2d 768, 774 (7th Cir. 1977)); *United States v. Burge*, 2014 U.S. Dist. LEXIS 6133, at *10-11 (N.D. Ill. Jan. 17, 2014) ("The need for grand jury secrecy is diminished once the grand jury has fulfilled its duties *or* when the criminal case is concluded.") (emphasis added). The disclosure of

8

grand jury materials is warranted prior to the conclusion of the criminal proceedings where, as here, the particularized need for disclosure outweighs the secrecy considerations, which are diminished because the grand jury's investigation is complete. *See, e.g.*, *United States v. Calabrese*, 2010 U.S. Dist. LEXIS 93547, at *14-15 (N.D. Ill. Sept. 8, 2010) ("'When [the grand jury's] investigation ends, there is no longer a need to keep information from the targeted individual in order to prevent his escape—that individual presumably will have been exonerated, on the one hand, or arrested or otherwise informed of the charges against him, on the other.' Further, after the grand jury is discharged, '[t]here is also no longer a need to prevent the importuning of grand jurors since their deliberations will be over.'") (citing *Butterworth v. Smith*, 494 U.S. 624, 632 (1990)).

Thus, while the City appreciates the USAO's secrecy concerns, the City's demonstrated, particularized need for the limited disclosure of the Grand Jury Materials outweighs the USAO's concerns. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

### D. An *Ex Parte*, *In Camera* Review of the Grand Jury Materials Is Not Necessary.

The USAO proposes that the Court conduct an *ex parte, in camera* review of the materials related to the 2009 Harris Shooting and attempts to influence Plaintiffs' resulting criminal proceedings to determine what Grand Jury Materials, if any, may be disclosed. This review seems unnecessary. The USAO has conceded that the City's subpoena is narrowly focused and it is fully capable of identifying that portion of the Grand Jury Materials that is responsive to this request. Because the request is narrowly focused, any responsive materials will necessarily be relevant to the claim and defenses asserted in these Cases, and any lingering secrecy interests will be protected by the terms of the *Spann* confidentiality order. Accordingly, while the City has every confidence that this Court can and would conduct a reasonable review of these materials, that step would entail

9

an unnecessary expenditure of judicial resources. The City has set forth the critical relevance of the requested Grand Jury Materials to these Cases and has met all of the prongs of *Douglas Oil*.

## Conclusion

For all of the reasons set forth in the City's Amended Motion, accompanying Memorandum in Support, and this Reply, the City respectfully requests that the Court grant its Amended Motion to Disclose Relevant Grand Jury Materials from *United States v. Labar Spann, et al.*, Case No. 17-CR-00611.

Dated: January 29, 2021

Respectfully submitted,

CELIA MEZA
Acting Corporation Counsel of the City of Chicago

*/s/ James P. Fieweger*
James P. Fieweger, #6206915
jpfieweger@michaelbest.com
Carolyn E. Isaac #6324095
ceisaac@michaelbest.com
Alexius Cruz O'Malley, #6313634
acomalley@michaelbest.com
Special Assistant Corporation Counsel
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street, Suite 3200
Chicago, IL 60606

*Attorneys for Defendant, City of Chicago*

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2021, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Russell R. Ainsworth
Arthur Loevy
Jon Loevy
Theresa Kleinhaus
Loevy & Loevy
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
russell@loevy.com
arthur@loevy.com
jon@loevy.com
tess@loevy.com

Jodi L. Garvey
Patrick W. Blegen
Blegen & Garvey
53 W. Jackson Blvd., Suite 1424
Chicago, IL 60604
jgarvey@blegengarvey.com
pblegen@blegengarvey.com

*Attorneys for Plaintiff*

Avi Kamionski
Shneur Nathan
Nathan & Kamionski LLP
33 W. Monroe, Suite 1830
Chicago, IL 60603
312-612-1955
akamionski@nklawllp.com
snathan@nklawllp.com

*Attorneys for Individual Defendant Officers*

*/s/ James P. Fieweger*
One of the Attorneys for Defendant,
City of Chicago