IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE HILL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-6080 |
| | ) | |
| v. | ) | Judge Franklin U. Valderrama |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| RICKY FOUNTAIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-6081 |
| | ) | |
| v. | ) | Judge Franklin U. Valderrama |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT REPLY IN SUPPORT OF THEIR
<u>JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER</u>**

Defendants Roberto Garcia, Jose Gomez, Jonathan Apacible, George Lopez, Wayne Raschke, Thomas Crain, and Jeffrey Adamik (hereinafter referred to collectively as the ("Individual Defendant Officers"), and Defendant City of Chicago ("City"), hereby submits this reply in support of their Joint Motion For Entry of a Protective Order pursuant to Rule 26(c), and states as follows:

**INTRODUCTION**

Plaintiff Fountain seeks discovery from Defendants that violates the very core of the work product doctrine. Without any federal authority to support his request, Fountain's interrogatory asks the Defendants to review third party audio and provide him with a catalogue of their mental impressions. This request is antithetical to the work product doctrine disallows a piggybacking

litigation strategy in favor of the American adversarial system. *See Sandra T.E. v. S. Berwyn Sch. Dist. 100,* 600 F.3d 612, 621-22 (7th Cir. 2010) (purpose of the work product doctrine is "to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts."); *United States v. Nobles,* 422 U.S. 225 (1975) (work product doctrine seeks to shelter "the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.").

Seeking to circumvent the doctrine, Fountain argues that it would be an arduous task for them to dedicate "hundreds and hundreds of hours poring over" the third-party phone calls in order to identify relevant information. If this sort of efficiency argument were to be credited, it would swallow up the work product doctrine which presumes that each party must do its own work. In the end, Fountain's interrogatory seeks classic opinion work product which is not discoverable absent a showing of need which does not exist here.

Put simply, Plaintiff Fountain's First Set of Interrogatories seeks to force Defendants to reveal the mental impressions of their attorneys regarding which third party evidence they deem significant. (Dkt. No. 157, at p. 7). And while Fountain claims that he narrowed his request in the spirit of compromise, this offer rings hollow. Even Fountain's "narrowed" request necessarily requires a *complete evaluation of all telephone recordings produced by third-parties*. As such, Fountain's offer at narrowing his request for Defendants' work product is little more than a straw man.

Defendants have established that Fountain's request seeks attorney work product because Defendants' response would necessarily reveal mental impressions, opinions, and theories of Defendants' counsel concerning the relevance of specific evidence to their defense strategy. Moreover, Plaintiff's counsel is equally as capable of determining which, if any, of the phone call

recordings produced by third-parties relate to the allegations or defenses in this lawsuit. Therefore, this Court should find good cause to enter a protective order striking Plaintiff Fountain's First Set of Interrogatories.

## ARGUMENT

### I. The Interrogatory Seeks Privileged Work-Product

Codified at Federal Rule of Civil Procedure 26(b)(3), the work product doctrine is designed to serve dual purposes: (1) "to protect an attorney's thought processes and mental impressions against disclosure"; and (2) "to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts." *Sandra T.E.,* 600 F.3d at 621-22. Plaintiff's interrogatory offends each of these dual purposes and especially the latter. In order to respond to Fountain's interrogatory, Defendants would be forced to create tangible attorney work product, reveal their mental impressions regarding the import of particular evidence, and disclose their case strategy before any depositions have taken place. Additionally, Plaintiffs would unfairly benefit from Defendants' hours of labor. The work product doctrine intentionally shields materials "on the theory that the opponent shouldn't be allowed to take a free ride on the party's research or get the inside dope on that party's strategy." *Mattenson v. Baxter Healthcare Corp.,* 438 F.3d 763, 767-68 (7th Cir. 2006). Plaintiff's request is a poorly disguised attempt to do just that; take a free ride on the efforts of Defendants. Plaintiff Fountain's First Set of Interrogatories seeks privileged work product and should be stricken. Fed. R. Civ. P. 26(b)(3).

### A. The Information Sought Reveals Mental Impressions of Defendants' Counsel, and Does Not Seek the Underlying Facts as Plaintiffs Assert.

Work product falls into two categories: "fact" work product and "opinion" work product. *Eagle Compressors, Inc. v. HEC Liquidating Corp.,* 206 F.R.D. 373, 478 (N.D. Ill. 2002). "While fact work product includes raw factual information, opinion work product includes an attorney's

3

mental impressions, conclusions, opinion, or legal theories." *Doe v. Soc'y of the Missionaries of the Sacred Heart,* No. 11 C 02518, 2014 WL 1715376, at *3 (N.D. Ill. May 1, 2014). Rule 26 charges courts with protecting "against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). "Immunity from discovery for opinion work product is absolute or nearly absolute." *Caremark, Inc. v. Affiliated Computer Svcs., Inc.,* 195 F.R.D. 610, 616 (N.D. Ill. 2000).

Plaintiffs' response brief falsely claims that the interrogatory at issue seeks solely factual information and mischaracterizes the caselaw Defendants rely upon in their motion. Despite the slightly different factual contexts of the opinions in *Vardon Golf Co., Inc. v. BBMG Golf Ltd.,* 156 F.R.D. 641, 647(N.D. Ill. 1994) and *Stone Container Corp. v. Arkwright Mut. Ins. Co.,* No. 93 C 6626, 1995 WL 88902 (N.D. Ill. Feb. 28, 1995), each of these courts resolutely held that "the selection process itself represents counsel's mental impressions and legal opinions as to how the evidence . . . relates to the issues and defenses in the litigation." *Stone Container,* 1995 WL 88902, at *8 (quoting *Sporck v. Peil,* 795 F.2d 312, 315 (3rd Cir. 1985)). Any requirement that Defendants identify which third party telephone recordings are relevant would necessarily reveal Defendants' counsel's mental impressions, opinions of the relevance of evidence, and case strategy for mounting a defense for their clients. *See In re Ashworth, Inc. Securities Litigation,* 213 F.R.D. 385, 389 (S.D. Cal. 2002) (disclosure of which individuals Plaintiff interviewed during their investigation would "reveal counsel's opinions regarding the relative importance of these witnesses, the highlights of their testimony/factual knowledge, and would link any future statements by the witnesses with [p]laintiff's counsel's legal theories and conclusions as outlined in the complaint.").

4

Further, Plaintiffs' response misstates the facts of *American Floral Services, Inc. v. Florists' Transworld Delivery Asso.,* which discussed at length the issue of an attorney's selection constituting opinion work product. 107 F.R.D. 258 (N.D. Ill. 1985). Although, the court ultimately compelled Plaintiff to reveal the identity of the two witnesses they had interviewed, it explicitly qualified its holding by distinguishing the circumstances at issue in that case and a case in which an opposing party seeks the identities of *all persons* interviewed by counsel – which is precisely the type of inquiry here. The court went on to state that the latter type of request would have a much greater potential to reveal significant insights into the opposing lawyer's mental processes and preparation of the case. *Id*. at 261-262. "There can be little doubt that forced disclosure of the selection made by the requesting party's lawyer among those documents, necessarily reflecting his or her assessment of what is and is not important in the case, would run afoul of (and would be precluded by) the [work product] doctrine." *Id.* at 261.

Importantly, Plaintiff also fails to cite to a single case in which the court compelled a party to identify which documents produced from a third-party subpoena are relevant to any allegations or defenses. In both the cases Plaintiffs cite in support of its response—*Fridkin v. Minnesota Mut. Life Ins. Co.,* 97 C 0332, 1998 WL 42322 (N.D. Ill. Jan. 29, 1998) and *Auto Meter Prods. v. Maxima Techs. & Sys., LLC,* No. 05 C 4587, 2006 WL 3253636 (N.D. Ill. Nov. 6, 2006)—the sought-after information dealt exclusively with information contained in *the party's own documentation*. Here, the phone call recordings at issue were produced by several correctional facilities in response to third-party subpoenas and were disclosed to both parties equally. Unlike the cases Plaintiffs rely upon, the recordings do not belong to either party and thus neither party has a better opportunity to review or analyze them. If anything, Fountain is in a better position to analyze the recordings given his personal relationships and knowledge of the people, places, or

5

things potentially referred to in these recordings. Thus, Plaintiffs are already on at least equal footing with Defendants without compelling the disclosure of defense opinion work product.

Assuming *arguendo*, that Plaintiffs have somehow established that Fountain's First Interrogatory to All Defendants seeks only factual information, this court should at the very least defer Defendants' response to Fountain's interrogatory as a premature contention interrogatory. *See Thomas & Betts Corp. v. Panduit Corp.*, 1996 WL 169389 (N.D.Ill.) ("Basically, contention interrogatories require the answering party to commit to a position and give factual specifics supporting its claims. The general policy is to defer contention interrogatories until discovery is near an end."); *see also Fischer and Porter Co. v. Tolson*, 143 F.R.D. 93 (E.D.Pa. 1992). Courts have traditionally held off on compelling answers to contention interrogatories until later in the discovery process where answers will contribute meaningfully to clarifying the issues in the case. Here, the case is in a very early procedural posture and the parties have a considerable amount of discovery ahead of them, as discussed more thoroughly in the recently filed Defendants' Motion to Extend Discovery Deadlines. Dkt. No. 163. Indeed, the parties are still waiting on a ruling to determine whether Donna Hill, as administrator of the Estate of Dwayne Hill, will be granted leave to substitute as plaintiff for the now-deceased Dwayne Hill. Moreover, the parties need to complete several party depositions, including the deposition of Fountain, as well as witnesses Demetrius Harris and Steven McKinnie. Thus, it would be inappropriate, at the very least, to require that Defendants respond to Fountain's interrogatory at this early stage.

## II. Defendants' Have Established Good Cause Sufficient for Entry of a Protective Order

Upon a showing of good cause this Court may enter a protective order to ensure discovery requests remain properly within the constructs of Rule 26. The rule "confers broad discretion on the . . . court to decide when a protective order is appropriate and what degree of protection is

required." *Gordon v. Countryside Nursing & Rehab. Ctr., LLC,* No. 11 C 2433, 2012 WL 2905607, at *2 (N.D. Ill. July 1, 2012). Good cause may be established by "showing that the disclosure will cause a clearly defined and serious injury." *Hobley v. Chicago Police Commander Burge,* 225 F.R.D. 221, 224 (N.D. Ill. 2004) (citation omitted).

Good cause exists here because the work product protection may be waived where, as here, the privileged information is disclosed in a manner which substantially increases the opportunity for potential adversaries to obtain the privileged information. *See Vardon Golf Co. v. Karsten Mfg. Corp.,* 213 F.R.D. 528, 534 (N.D. Ill. 2003). Because the work product doctrine is designed to protect an attorney's trial preparation and mental processes from discovery by an adversary, voluntary disclosure to an adversary almost invariably constitutes waiver. *See Eagle Compressors,* 206 F.R.D. at 479. In such a scenario, the focus is not on whether the disclosure was truly voluntary, but on whether the information was disclosed to an adversary. *In re Bank One Sec. Litig.,* 209 F.R.D. 418, 424 (N.D. Ill. 2002).

Here, the risk of waiver and its prejudicial effects on Defendants is high. Fact work product is subject to discovery when the seeking party demonstrates a substantial need for the materials and an inability to obtain the substantial equivalent of the information without undue hardship. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii). Plaintiff's response contends the interrogatory at issue simply seeks the factual information Defendants learned from the telephone call recordings. As discussed at length above, Defendants vehemently disagree with this misclassification. The "facts" are the actual call recordings, which Plaintiffs already have; Fountain's interrogatory seeks Defendants' opinions about those calls. Nonetheless, if a Court were to find in Plaintiff's favor and compel Defendants to identify phone call recordings that are relevant to any allegations or defenses, such a disclosure would invariably trigger a waiver of the protection afforded by the work product

Case: 1:19-cv-06081 Document #: 142 Filed: 02/10/21 Page 8 of 10 PageID #:2271

doctrine. Accordingly, Defendants have established that the information sought by Plaintiffs is protected work product and good cause exists for the entry of a protective order.

## Conclusion

As explained by the Seventh Circuit, the purpose of the work-product doctrine is to "establish a zone of privacy in which lawyers can analyze and prepare their client's case free from scrutiny or interference by an adversary." *Hobley v. Burge,* 433 F.3d 946, 949 (7th Cir. 2006). Defendants are entitled to the entry of a protective order striking Plaintiff Fountain's First Set of Interrogatories because a response would invariably invade Defendant's zone of privacy, require the disclosure of attorney work product, and reveal Defendants' mental impressions. Additionally, it would allow Plaintiffs to benefit from the labor of Defendants' review efforts by disclosing which telephone call recordings are pertinent to their own allegations. "[A] common law trial is and always should be an adversary proceeding. Discovery was hardly intended to enable a learned profession to perform its function either without wits or on wits borrowed from the adversary." *Hickman v. Taylor,* 329 U.S. 495, 516 (1947) (Jackson, J., concurring).

**WHEREFORE**, the Defendants respectfully request this Court to enter a Rule 26(c) Protective Order striking Plaintiff Fountain's First Set of Interrogatories to All Defendants.

DATED: February 10, 2021 Respectfully submitted,

CELIA MEZA
Acting Corporation Counsel of the City of Chicago

/s/ *Shneur Z. Nathan*
Shneur Z. Nathan
snathan@nklawllp.com
Avi T. Kamionski
akamionski@nklawllp.com
Ryan D. Janski
rjanski@nklawllp.com
Special Assistant Corporation Counsel
NATHAN & KAMIONSKI, LLP
33 W. Monroe St., Suite 1830
Chicago, IL 60603
(312)612-1955

*Attorneys for the Individual Defendants*

/s/ *James P.Fieweger*
James P. Fieweger, #6206915
jpfieweger@michaelbest.com
Alexius Cruz O'Malley, #6313634
acomalley@michaelbest.com
Carolyn E. Isaac #6324095
ceisaac@michaelbest.com
Special Assistant Corporation Counsel
MICHAEL BEST & FRIEDRICH LLP
444 W. Lake St., Suite 3200
Chicago, IL 60606
(312) 222-0800

*Attorneys for Defendant City of Chicago*

## **CERTIFICATE OF SERVICE**

I, Shneur Z. Nathan, the undersigned attorney, hereby certify that I have caused true and correct copies of the above and foregoing *Defendants' Joint Reply in Support of Their Joint Motion for Entry of a Protective Order* to be served on all counsel of record via the Court's CM/ECF system, in accordance with the rules of electronic filing of documents, on this 10th day of February, 2021.

*/s/ Shneur Z. Nathan*
Shneur Z. Nathan
